E-FILED
Wednesday, 18 May, 2016 01:01:23 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

MYRON ROBINSON, )
   Plaintiff, )
   )
vs. ) No. 15-1508
   )
FEDERAL BUREAU OF PRISONS, et.al., )
   Defendants )

MERIT REVIEW ORDER

This cause is before the Court for merit review of the Plaintiff's complaint. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

The Plaintiff, a pro se prisoner, alleges his constitutional rights were violated at the Federal Correctional Institution at Pekin, Illinois. Plaintiff has identified five Defendants including the Federal Bureau of Prisons, Warden Krueger, Unit Manager P. Bates, Case Manager K. Bell and an unspecified John Doe. The Plaintiff alleges the Defendants violated his due process and equal protection rights when they failed to approve him for twelve-month placement in a Residential Re-Entry Progam. Although Plaintiff has filed his lawsuit pursuant to *Bivens v. Six Unknown Named Agents,* 403 U.S. 388 (1971),[1] he is asking the Court to order prison officials to reconsider their decision. Plaintiff is also asking for damages. Finally, Plaintiff asks the Court to waive the requirement that he exhaust all available administrative remedies.

---

[1] Although Plaintiff cites to 42 U.S.C.§1983 in his complaint, since his claims are against federal officials his claims are brought pursuant to Bivens. CITE!!

1

There are several problems with Plaintiff's complaint. First, the Bureau of Prisons is not a proper Defendant in a *Bivens* action. *See King v Federal Bureau of Prisons*, 415 F.3d 634, 636 (7th Cir. 2005). Second, a portion of Plaintiff's complaint appears to be requesting his release from prison, but this relief is not available through a *Bivens* action. See *Preiser v Rodriguez,* 411 U.S. 475, 500 (1973)(if a prisoner is " challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of *habeas corpus*.") Finally, and more importantly, the Court cannot waive the requirement that Plaintiff must exhaust all administrative remedies BEFORE he files a lawsuit. *See Johnson v Hart*, 2011 WL 5509546 at 7 (N.D. Ill. Nov. 8, 2011)(exhaustion is precondition to filing a suit); *Ford v.Johnson*, 362 F.3d 397, 398 (7th Cir. 2001)("it is essential to keep the courthouse doors closed until [exhaustion] efforts have run their course.").

Based on the Plaintiff's repeated requests in his complaint to waive the exhaustion requirement, it appears on the face of Plaintiff's complaint he did not exhaust his administrative remedies before filing this lawsuit.[2] Therefore, the Court must dismiss Plaintiff's lawsuit.

IT IS THEREFORE ORDERED:

1) Plaintiff's complaint is dismissed for failure to exhaust his administrative remedies as required before filing his lawsuit. *See* 42 U.S.C. §1997e(a).

2) If the Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* MUST set forth the issues the Plaintiff plans to present on

---

[2] If the Plaintiff did in fact fully exhaust his administrative remedies before he filed his complaint, he should immediately file a motion to reconsider with a copy of the final denial of his grievance.

appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the Plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

Entered this 18th day of May, 2016.

s/ Michael M. Mihm
_____
MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE